IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 5, 2004 Session

## CORY D. HOLLAND v. PACKARD'S SERVICE CENTER, LLC.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-284     Carol Soloman, Judge**

**No. M2003–01807-COA-R3-CV - Filed April 14, 2005**

Plaintiff claims that his 1990 Nissan with over 200,000 miles was rendered inoperable due to Defendant's installation of a faulty alternator. He seeks damages for the diminution in the value of the vehicle, wages he allegedly lost while the vehicle was inoperable, and damages under Tennessee's Consumer Protection Act. Plaintiff's claims under Tennessee's Consumer Protection Act were dismissed upon summary judgment. During the trial, the court granted competing motions excluding both parties' expert witnesses. The jury returned a verdict for the defendant on the remaining claims. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

T. Holland McKinnie, Franklin, Tennessee, for the appellant, Cory D. Holland.

Todd A. Bricker, Nashville, Tennessee, for the appellee, Packard's Service Center, LLC.

**MEMORANDUM OPINION**[1]

In the spring of 2000, Cory D. Holland purchased a used 1990 Nissan 300ZX with over 200,000 miles for $6,000. The vehicle broke down on the side of the road on July 11, 2000. Unfortunately for the defendant, Packard's Service Center, LLC, the breakdown occurred near its business, Packard's Service Center. The vehicle was then towed the short distance to the defendant's shop.

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Following an inspection, automotive mechanics employed by the defendant replaced the alternator. Shortly thereafter, the plaintiff claims he experienced problems with the electrical system, notably the air conditioner, radio and dash lights. He returned the well-traveled vehicle to the defendant for another inspection and additional repairs. The defendant's mechanics advised the plaintiff that the problems were not related to the new alternator. Nevertheless, the plaintiff returned on at least one, if not two or more occasions complaining of problems with the vehicle. In January of 2001 the defendant replaced the alternator it had installed in July and sent the alleged defective alternator back to the supplier, who in turn returned it to the manufacturer, never to be seen or inspected again.

The plaintiff's 1990 vehicle "died" in April of 2001 when the engine "locked up" due to mechanical failure. Plaintiff sold the vehicle, in an inoperable state, in October of 2001.

Plaintiff attributes all of the vehicle's problems, electrical and mechanical, to the defendant's alleged negligence, specifically the installation of a faulty part – the alternator. Moreover, the plaintiff contends that the defendant's conduct was unreasonable based upon the defendant's "failure to properly advise plaintiff of the potential danger of destroying the value of the car."

Prior to trial, both parties moved for summary judgment. Plaintiff's motion for partial summary judgment was denied due to Plaintiff's failure to file a timely statement of undisputed material facts and supporting documentation; it will not be discussed further, as it is not relevant to this appeal.[2] Defendant's motion for summary judgment, however, was granted in part:

> Defendant's request that Plaintiff's claim for violation of the Tennessee's Consumer Protection act be dismissed, is GRANTED. The Plaintiff has presented no facts to support the allegation that Defendants [sic] actions constitute willful or deceptive trade practices in violation of the Tennessee's Consumer Protection Act.

Thereafter, the plaintiff filed a motion in limine seeking to exclude the defendant's expert witness on the grounds that the defendant "did not properly disclose or identify its proposed expert witness pursuant to the case management and scheduling order entered in March 2002." During the hearing on the motion, the defendant made an oral motion to exclude the plaintiff's expert. The trial court granted both motions. It held that the defendant had waived its right to present expert testimony due to its failure to adhere to the scheduling order. As for the plaintiff's expert, the court held:

> In a handwritten note presented to the court, the Plaintiff's proposed "expert" disclosure failed to disclose any type of opinion, expert conclusion or factual basis therefore. . . . This "expert disclosure," coupled with the fact that the Plaintiffs [sic]

---

[2] Plaintiff's motion for partial summary judgment was filed November 8, 2002, but the plaintiff's statement of undisputed facts and affidavit in support of his motion were filed a mere week prior to the hearing on the motion for partial summary judgment.

attorney deliberately prevented the taking of their "expert's" deposition, leads the court to determine that the Plaintiff's expert will not be allowed to present expert testimony and/or opinion at trial.[3] The witness can testify as a fact witness only in accordance with Tennessee Rule of Civil Procedure 26.

The defendant also filed a motion in limine to exclude testimony regarding the plaintiff's lost wages on the grounds that lost wages were not recoverable in a claim arising from property damage. The motion was granted.

Plaintiff presents three issues on appeal. One, whether the trial court erred when it dismissed Plaintiff's claims related to Tennessee's Consumer Protection Act. Two, whether the trial court erred when it excluded testimony of Plaintiff's expert witness. Three, whether the trial court erred when it excluded Plaintiff's claims for lost wages.

We find the first and third issues to be without merit. As for the exclusion of the plaintiff's expert witness, we have concluded that the decision to exclude the plaintiff's expert witness was harmless error. While there is no excuse for failing to properly and timely answer interrogatories submitted in compliance with Tenn. R. Civ. P. 26 to discover the identity of an expert witness, the expert's opinions and the basis for such opinions, the plaintiff's non-compliance with discovery became moot when the defendant deposed the plaintiff's expert. We therefore find that the trial court erred by excluding the plaintiff's expert; however, we find that error harmless because the deposition of the expert reveals the expert testimony would be insufficient to establish proximate cause, that is that the defendant's negligence, if any, caused the plaintiff's damages.[4]

We therefore affirm and remand with costs of appeal assessed against the plaintiff, Cory D. Holland.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3] It appears from the record that the plaintiff's counsel obstructed the discovery process to a degree, which could subject his client to sanctions pursuant to Tenn. R. Civ. P. 37; however, the defendant took the deposition of the plaintiff's expert "by agreement" on October 31, 2002. Thus, the plaintiff's attorney did not "prevent" the taking of the deposition, and more significantly, the defendant was fully aware of the identity of the expert, his opinions and the basis for his opinions well in advance of the trial.

[4] The plaintiff failed to make an offer of proof when the witness was excluded. Such an omission can be fatal. Moreover, though there is some information in the deposition concerning the witness' qualifications, it may or may not be adequate to qualify the witness to opine concerning all of his conclusions. Due to our disposition of this matter, it is unnecessary for us to decide whether the witness is competent to opine as an expert.